# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL A. FRIMMEL,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　　)　　　2:14-cv-00219-JCM-PAL
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
NEVADA DEPARTMENT OF　　　　　　　　)
CORRECTIONS, *et al.*,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondents.　　　　　　　　)
_____/

　　　　This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

　　　　The matter has not been properly commenced because petitioner submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner in the instant action has failed to submit an *in forma pauperis* application that provides the necessary financial information. Petitioner failed to include a copy of his inmate account statement and failed to submit a financial certificate signed by an authorized prison or jail officer. The court is unable to see, *inter alia*, the regularity and amount of any incoming funds as

well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

Additionally, petitioner has failed to submit a habeas petition in this action. Unless an issue of federal constitutional or statutory law is implicated by the facts presented, there is no cognizable claim under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As there is no petition filed in this action, it will be dismissed, without prejudice to filing a petition as a new action.

Due to the defects presented, the pauper application will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely. In this regard, petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal habeas action, and properly exhausting his claims in the state courts.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new petition in a new action with a properly completed pauper application with all new and complete financial attachments.

**IT IS FURTHER ORDERED** that all pending motions (including ECF Nos. 2, 3, & 4) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the clerk of court shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons, a noncapital section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that petitioner may file a new petition and *in forma pauperis* application in a new action, but he may not file further documents in this action.

1  **IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

2  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

Dated this 18th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

3